2023 IL App (1st) 221950-U

No. 1-22-1950

Filed November 22, 2023

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SAMUEL SLEDGE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 22 CH 2577 |
| | ) | |
| THE VILLAGE OF MELROSE PARK, and THE | ) | |
| ILLINOIS LIQUOR CONTROL COMMISSION, | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Cecilia A. Horan |
| (The Village of Melrose Park, Defendant-Appellee). | ) | Judge, Presiding |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1        *Held*: Administrative decision affirming local decision to deny liquor license is affirmed.

¶ 2        Appellant Samuel Sledge appeals *pro se* the final order of the circuit court affirming the

Illinois Liquor Control Commission's (State Commission) affirmance of Melrose Park Liquor

Control Commission's (Melrose Commission) denial of his application for a liquor license. Sledge

applied to the Village of Melrose Park (the Village) for a business license in April 2021. Sledge

leased property in the Village with the intent to operate a "private social club." In his license application, Sledge indicated that the club, a for-profit endeavor to be named Socialite, was established for the purpose of "Encourag[ing] Members toward economics." In conjunction with the business license application, Sledge also applied for a Private Club and Association retail liquor license. He planned to serve liquor at Socialite.

¶ 3        After processing the application for a business license, the Village contacted Sledge by mail advising him that the Village Board of Trustees (Board) would consider his application at its next meeting scheduled for May 24, 2021. At that meeting, the Village's building commissioner, Ralph Source, recommended that Sledge's application be denied, as the subject property had "zero off street parking," as required by the Village's code regulations. Both Sledge and the leased property's landlord, Omelia Garcia, were in attendance and spoke in favor of being granted the license. The Board voted 6-0 to deny Sledge's application for a business license.

¶ 4        In early June 2021, the Village notified Sledge that his request for a liquor license was denied by the Melrose Commission. Shortly after receiving notice of the liquor license denial, Sledge appealed the denial to the State Commission. While his appeal was pending, Sledge filed a complaint in the circuit court seeking administrative review of the Village's decision denying his request for a liquor license. The Village moved to dismiss the action, arguing that Sledge had failed to exhaust his administrative remedies. The circuit court agreed and dismissed the action, finding Sledge's claim was not ripe.

¶ 5        The State Commission heard arguments on Sledge's appeal on December 8, 2021. On January 19, 2022, the State Commission affirmed the decision of the Melrose Park Liquor Control Commission denying Sledge's application for a liquor license. Sledge requested a rehearing, which the State Commission denied, sustaining its prior decision.

¶ 6    Sledge filed the instant complaint for administrative review in the circuit court on March 3, 2022, seeking review of the State Commission's decision. By written order filed December 5, 2022, the circuit court affirmed, finding that both the Melrose Park Liquor Commission and the State Commission's decisions denying the issuance of a liquor license were "well-supported by the record." Sledge filed a timely notice of appeal.[1]

¶ 7    Sledge, *pro se*, filed a brief on appeal and his argument is difficult to follow. See Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) (stating that an appellant's brief must "contain the contentions of the appellant and the reasons therefor" and that "[p]oints not argued are forfeited"); see also Illinois Supreme Court Rule 341(h)(4),(6) (eff. Oct. 1, 2020). Specifically, Sledge raises four issues on appeal:

> "Point 1 – Whether the trial court inadvertently applied an ordinance rule with a state statute that applies to people who have a liquor license and the fact[s] are different does not apply to the plaintiff who was denied a liquor license?
>
> Point 2 – Whether the state liquor control commissioners should have affirmed the [V]illage of Melrose [P]ark local liquor control commissioner['s] discretionary decision based on parking?
>
> Point 3 – Whether the trial court erred [in] adjudicating stat[e] liquor commissioner['s] denial based on not having a business license for its denial who did not adhere to 235 ILCS 5/7-9?
>
> Point 4 – Whether the trial court affirmed the [V]illage officer['s] action that was under color of law whether its action constitutes conspiracy of civil rights violation IN RE to denial of licenses and parking?"[2]

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2]For the reader's convenience, the court has corrected some spelling and grammar quoted from the petitioner's brief.

While Sledge cites to various acts and statutes (including the Dram Shop Act of 1934 and the criminal offense of conspiracy against civil rights) in support of his argument, the bulk of his argument is incomprehensible. Nonetheless, despite Sledge's failure to adhere to the requirements of Supreme Court Rule 341, we can discern from his statement of issues that he clearly challenges the circuit court's findings affirming the Commission's decision to deny his liquor license. Thus, we address this issue.

¶ 8      When reviewing an administrative proceeding, we review the decision of the administrative agency, not the trial court's decision. *Matlock v. Illinois Department of Employment Security*, 2019 IL App (1st) 180645, ¶ 18. An agency's findings of fact will be upheld unless contrary to the manifest weight of the evidence, while we review *de novo* its rulings on questions of law. *Koehler v. Illinois Liquor Control Comm'n*, 405 Ill. App. 3d 1071, 1078-79 (2010). An agency's decisions on mixed questions of law and fact will be upheld unless clearly erroneous. *Id*. at 1079.

¶ 9      The Village's argument is straightforward. It denied Sledge's application for a liquor license because his business license had been denied. Since there was no business in operation at the desired location, there could be no liquor license for that location either. In other words, having a valid business license for the location was a prerequisite for obtaining a liquor license. See *Melrose Park Municipal Code*, 5-12-060(C)(5); 5-12-090(V). Here, the Village previously denied Sledge a business license after it determined that there was inadequate parking at the location. It was incumbent upon Sledge to challenge that determination before seeking a liquor license.

¶ 10      Before every tribunal that heard this matter, Sledge seemed to argue that because his business organization was incorporated in another state, both Illinois and municipalities within Illinois were required to grant his business any license for which he applied. This argument has no

merit. Sledge needed a valid business license to operate a social club at the location he leased in the Village, and he failed to obtain it. Without a business license, the Village could not issue a liquor license. The record supports the State Commission's judgment. Accordingly, we affirm.

¶ 11        Affirmed.